IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DR. ROSS WOODY                                                                          PLAINTIFF

VS.                                      CASE NO. 06-CV-4035

HANSEN DIRANI, ED ASH, SCOTT ASH
and THE ASH LAW FIRM                                                                  DEFENDANTS

## ORDER

Before the Court is Defendants Ed Ash, Scott Ash, and the Ash Law Firm's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 19). Defendants Ed Ash, Scott Ash and the Ash Law Firm ("the Ash Defendants") move to dismiss Plaintiff's Amended Complaint for failure to state a claim and for lack of personal jurisdiction. Plaintiff has responded. (Doc. 21). The Ash Defendants have replied to Plaintiff's response. (Doc. 24). The matter is ripe for consideration.

## BACKGROUND

This case arises out of the contract between Dr. Ross Woody and Hansen Dirani, purportedly on behalf of a joint venture known as the Oklahoma Fen-Phen Lawyers. Hansen Dirani entered into an agreement with Ed Ash, Scott Ash and the Ash Law Firm to form a joint venture known as the Oklahoma Fen-Phen Lawyers ("OFPL") on June 3, 2002. (Doc. 17, pg. 14). The contract out of which this suit arises was entered into on June 21, 2002. (Doc. 17, pg. 19).

Defendants created the joint venture to advertise for, solicit, and accumulate cases involving clients who were allegedly damaged by Pondimin and/or Redux, otherwise known

as Fen-Phen. Dirani engaged Dr. Woody to review charts and conduct echocardiograms of the potential clients of the joint venture, to determine the extent of their injuries from Fen-Phen. Once identified and signed to contracts with Defendants, the Fen-Phen clients could participate in a previously obtained nationwide settlement class. After conducting hundreds of examinations without payment, Dr. Woody brought suit on the contract against Hansen Dirani and the Ash Defendants on March 30, 2006. (Doc. 1, pg. 3). The Ash Defendants moved to dismiss Woody's Amended Complaint for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction on June 2, 2006.

## STANDARD OF REVIEW

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, the Court takes the allegations of the complaint as true and construes all reasonable inferences in favor of the plaintiff. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006). The question is whether any set of facts can be proven that would entitle the plaintiff to relief. *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). The Court will grant a motion to dismiss only where it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). With this legal framework in mind, the Court turns to the record in its present state.

## DISCUSSION

The heart of the Ash Defendants' motion is that Dirani contracted with Dr. Woody for his own purposes and not in his role as a member of the joint venture. In support of this contention, the Ash Defendants focus on the complete lack of any reference to Ed Ash, Scott

Ash, the Ash Law Firm, or the Oklahoma Fen-Phen Lawyers from the agreement between Dr. Woody and Dirani. (Doc. 20, pg. 6). In spite of this, Dr. Woody maintains that Dirani entered into the agreement on behalf of the joint venture. The agreement between Dirani and Dr. Woody, which Dr. Woody attached to his complaint as an exhibit thereto, constitutes a judicial admission that trumps the allegations of his complaint, the Ash Defendants argue. *See Banco del Estado v. Navistar Int'l Transp. Corp.*, 942 F. Supp. 1176, 1179 (N.D. Ill. 1996).

Attached documents, according to Fed. R. Civ. P. 10(c) are considered part of the pleadings for all purposes. The Court, in deciding a motion to dismiss, may consider all documents attached to the complaint. *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003). Where the language of the attached contract contradicts the allegations of the complaint, the contractual language governs for purposes of dismissal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court agrees with the Ash Defendants, and finds that the complete omission of the Ash Defendants from the agreement between Dirani and Dr. Woody contradicts the assertions of the complaint.

The Ash Defendants further argue that Dirani was without authority to enter into the agreement with Dr. Woody on behalf of the joint venture, because the Colorado law firms, with whom Dirani and the Ash Defendants had co-counsel agreements, were to pay for "all costs associated with obtaining and interpreting an echocardiogram for the client." Dr. Woody similarly attached the co-counsel agreement among Dirani, the Ash Defendants and the Colorado attorneys to his complaint. (Doc. 17, pgs. 11-13). While not dispositive, the co-counsel agreement supports the Court's determination that the Ash Defendants were not a

party to the agreement between Dirani and Dr. Woody.

Finally, the Ash Defendants argue that parol evidence of a collateral agreement is inadmissible to vary the plain terms of the agreement between Dirani and Dr. Woody. It is well settled that in Arkansas, parol evidence cannot be introduced to change or alter a contract in writing. *Lane v. Pfeifer*, 264 Ark. 162, 167, 568 S.W.2d 212, 215 (1978); *Equitable Discount Corp. v. Trotter*, 233 Ark. 270, 344 S.W.2d 334 (1961). The test of admissibility is whether the evidence offered tends to alter, vary, or contradict the written contract, or only to prove an independent, collateral fact about which the written contract was silent. In the former instance the testimony is inadmissible; in the latter, it is competent and proper. *Loe v. McHargue*, 239 Ark. 793, 394 S.W.2d 475 (1965). Only where proof is offered to prove an independent, collateral fact about which the written contract is silent does the parol evidence rule yield, allowing a court to consider such proof. *Lane*, 264 Ark. at 167.

Here, the parties to the contract–Dr. Woody and Hansen Dirani–are clear from the four corners of the contract. The contract is not silent about the individuals bound to its terms. As a result, the joint venture agreement between Dirani and the Ash Defendants and the letter from Scott Ash to his Colorado co-counsel are inadmissible parol evidence that will not be considered to contradict the plain terms of the agreement.

The Ash Defendants also move to dismiss the Amended Complaint for lack of personal jurisdiction. Since the Court is satisfied that, as to the Ash Defendants, the Amended Complaint fails to state a claim upon which relief can be granted, the Court need not address the jurisdictional inquiry. Therefore, taking the allegations of the complaint as true, the Court finds that Plaintiff's Amended Complaint should be dismissed as to the Ash Defendants.

## CONCLUSION

For the foregoing reasons, the Ash Defendants' Motion to Dismiss should be and hereby is **GRANTED**. Plaintiff's claims against Ed Ash, Scott Ash and the Ash Law Firm are hereby dismissed.

**IT IS SO ORDERED**, this 30th day of August, 2006.

 /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge