IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DR. ROSS WOODY                                                                              PLAINTIFF

VS.                                      CASE NO. 4:06-CV-4035

HANSEN DIRANI                                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court dismissed Plaintiff Dr. Ross Woody's Complaint against Defendants Ed Ash, Scott Ash and the Ash Law Firm (collectively "the Ash Defendants") on August 30, 2006 for failure to state a claim. (Doc. 25). Now before the Court is Plaintiff's Motion for Reconsideration of the August 30, 2006 Order dismissing the Ash Defendants. (Doc. 30). The Ash Defendants have responded. (Doc. 32). Plaintiff filed a reply to their response. (Doc. 34). The Court held a hearing on the Motion for Reconsideration on May 22, 2007. (Doc. 38). The Ash Defendants supplemented their response in opposition on July 16, 2007. (Doc. 42). The matter is now ripe for consideration.

I. BACKGROUND

As the Court outlined in the August 30, 2006 Order, this case arises out of the contract between Dr. Ross Woody and Hansen Dirani, purportedly on behalf of a joint venture known as the Oklahoma Fen-Phen Lawyers ("OFPL"). (Doc. 17). Hansen Dirani, an attorney, entered into an agreement with the Ash Defendants to form a joint venture, the OFPL, on June 3, 2002. (Doc. 17, pg. 14). The contract out of which this suit arises was entered into on June 21, 2002. (Doc. 17, pg. 19). Defendants created the joint venture to advertise for, solicit, and accumulate cases involving clients who were allegedly damaged by Pondimin and/or Redux, otherwise known as Fen-Phen. Dirani engaged Dr. Woody to review charts and conduct echocardiograms of the potential clients of the joint venture, to determine the extent of their injuries from Fen-Phen.

Once identified and signed to contracts with Dirani and the Ash Defendants, the Fen-Phen clients could participate in a previously obtained nationwide settlement class.  After conducting hundreds of examinations without payment, Dr. Woody brought suit on the contract against Hansen Dirani and the Ash Defendants on March 30, 2006. (Doc. 1, pg. 3).  After removal, Dr. Woody amended his complaint on May 18, 2006.  (Doc. 16).  The Ash Defendants moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction on June 2, 2006.  (Docs. 13, 19).  In granting the motion to dismiss, the Court found that the Ash Defendants were not a party to the contract forming the basis for Plaintiff's cause of action, and that the Amended Complaint failed to state a claim against the Ash Defendants.  (Doc. 25).  Plaintiff now seeks reconsideration of that decision.

## II. DISCUSSION

Plaintiff and the Ash Defendants extensively briefed and argued the issue of whether this Court has the power to reconsider its dismissal of the Ash Defendants from this case.  Motions for Reconsideration are not mentioned in the Federal Rules of Civil Procedure.  *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999).  However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway,* 193 F.3d at 989). Rule 60(b) provides for relief from judgment in any of several enumerated circumstances and for "*any other reason justifying relief from the operation of the judgment*." Fed. R. Civ. P. 60(b)(6)(emphasis added).

Relief under Rule 60(b), the Ash Defendants argue, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

However, the *Watkins* opinion makes clear that "exceptional circumstances must exist to justify intrusion into the sanctity of a final judgment." 169 F.3d at 544 (citing *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984). The Court finds this language distinguishable, as orders dismissing a complaint as to some–but not all–defendants in a matter are neither final orders nor final judgments. *Bullock v. Baptist Mem. Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987). The Court agrees with the Ash Defendants, however, that Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990; *Terra Intern., Inc. v. Robinson*, 113 Fed. Appx. 723, 725 (8th Cir. 2004).

Additionally, discernable tension exists between a narrow reading of Rule 60(b) and this Court's common law power to revisit prior non-final orders. *Compare Lovett v. General Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992) *and In re Unioil*, 962 F.2d 988, 993 (10th Cir. 1992) *with Broadway,* 193 F.3d at 989 *and Watkins,* 169 F.3d at 544. With regard to non-final orders, this Court retains its authority to depart from an earlier ruling "if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). When a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal. *Lovett*, 975 F.2d at 522; *Unioil*, 962 F.2d at 993. Mindful of this tension, the Court turns now to the merits of the reconsideration motion.

### III. ANALYSIS

In the Motion for Reconsideration, Plaintiff argues that the Court committed clear error in excluding extrinsic evidence offered to show that Dirani acted as agent for his principal, the OFPL.

The Court based its prior decision on the fact that the agreement disputed in this case is neither silent nor ambiguous as to the parties bound thereto–Dr. Ross E. Woody and Hansen Dirani & Associates, P.C. (*see* Doc. 17, pg. 19).  The thrust of Plaintiff's reconsideration motion is that Plaintiff should have the opportunity to prove that Hansen Dirani signed the agreement with Dr. Woody in a representative capacity–in his capacity as agent for the OFPL.  For this proposition, Plaintiff directs the Court to *Davis v. Reynolds*, 154 Ark. 101, 241 S.W. 379 (Ark. 1922).  From *Davis*, Plaintiff relies on the following passage:

> It is frequently the case that agents enter into contracts with third parties without disclosing their principals; but, if authorized to act, their principals are bound by their agents' contracts. This rule would be of little avail unless the name of the undisclosed principal could be shown by oral evidence.

154 Ark. at 101, 241 S.W. at 380; *see also Moore v. Consolidated Products Co.*, 10 F.2d 319, 320 (8th Cir. 1926); *Roemhild v. Jones*, 178 F. Supp. 609, 616 (W.D. Ark. 1959).  Essentially, Plaintiff's motion asks the Court to allow him to offer evidence showing the name of Hansen Dirani's undisclosed principal–the Ash Defendants.  In addition, Plaintiff relies on black letter partnership law which states that every partner is an agent of a partnership for the purpose of its business.  Ark. Code Ann. § 4-46-301; 54 Okl. St. Ann. § 1-301(1).  The Ash Defendants object to reconsideration based on, *inter alia*, Plaintiff's delay in bringing the motion for reconsideration and the motion's purported deficiency under the requirements of Rule 60(b) and Eighth Circuit cases decided thereunder.

Upon consideration of the briefs and authorities, the Court is satisfied that its August 30, 2006 Order dismissing the Ash Defendants was clearly erroneous and should be reconsidered to correct this error.  Since the outset of this litigation, Plaintiff has maintained that Hansen Dirani

contracted with him in a representative capacity. (*See* Doc. 1-2, ¶ VI; Doc. 17 ¶ VII; Doc. 21, pg. 2). The Court's August 30, 2006 Order granting the Ash Defendants' Motion to Dismiss undervalued the importance of this allegation. For a final order to speak the truth in this matter, Plaintiff must be afforded the opportunity to contest the capacity in which Hansen Dirani contracted for his services.

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration should be and hereby is **GRANTED**. The Court's August 30, 2006 Order dismissing the Ash Defendants is hereby **VACATED**, and the Ash Defendants are reinstated as parties to this matter.

In light of this ruling, trial of this matter, currently set for August 20, 2007, should be and hereby is **CONTINUED** to enable the Ash Defendants to re-enter these proceedings. All deadlines imposed by the Court's previous scheduling order (Doc. 29) are hereby lifted until further notice.

**IT IS SO ORDERED**, this 31st day of July, 2007.

                                                  /s/ Harry F. Barnes  
                                       Hon. Harry F. Barnes  
                                       United States District Judge